UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE BOGAN, | ) | Case No.: 1:19 CV 812 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| RHONDA GIBSON, Warden, *et al.*, | ) | |
| | ) | |
| Respondents | ) | ORDER |

On April 12, 2019, Petitioner Clarence Bogan ("Petitioner" or "Bogan") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the above-captioned case, challenging a retrial of his murder, felonious assault, and domestic violence charges on the ground that retrial would violate the Double Jeopardy Clause. (ECF No. 1.) The court referred the case to Magistrate Judge David A. Ruiz ("Judge Ruiz" or "Magistrate Judge"), pursuant to Local Rule 72.2, on April 24, 2019, for preparation of a Report and Recommendation ("R & R"). (ECF No. 7.) Judge Ruiz filed his R & R on October 10, 2019, recommending that the court deny Bogan's habeas petition. (ECF No. 28.) Bogan filed Objections to Judge Ruiz's R & R. (ECF No. 29.) Respondents Rhonda Gibson and Clifford Pinkney (collectively, "Respondents") filed a Response on October 28, 2019. (ECF No. 30.) Because the facts of this case are fully discussed in Judge Ruiz's R & R, this Order will only address Judge Ruiz's findings and conclusions, and Bogan's Objections thereto.

Once jeopardy attaches, a second trial is prohibited unless "(1) there is a 'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial." *Camp v. Berghuis*, 601 Fed. App'x 380, 383–84 (6th Cir. 2015) (internal citations omitted). A defendant's consent to the declaration of a mistrial need not be expressly stated. *United States v. Puleo*, 817 F.2d 702, 705 (11th Cir. 1987). Instead, consent can be implied based on the defendant's silence after "an especially careful examination of the totality of the circumstances that positively indicate[] this silence was tantamount to consent." *United States v. Williamson*, 656 F. App'x 175, 180 (6th Cir. 2016) (internal citations and quotation marks omitted).

While noting that there may have been a "manifest necessity" for the trial court's declaration of the mistrial in light of Bogan's repeated disruptive behavior and general misconduct during the trial, Judge Ruiz's R & R solely addressed the issue of whether Petitioner, through his defense counsel, impliedly consented to the mistrial. (R & R at PageID #2812, ECF No. 28.) In that regard, Judge Ruiz concluded, based on the totality of the circumstances, that defense counsel impliedly consented to the mistrial. (*Id.* at PageID #2815.) In so finding, Judge Ruiz considered, among other things: (1) defense counsel's failure to object to the trial court's declaration of the mistrial despite having a meaningful opportunity to do so during the hearing; (2) defense counsel's participation in rescheduling the trial and asking for permission to obtain another expert for the retrial immediately after the trial court declared the mistrial; (3) the fact that defense counsel had repeatedly moved for a mistrial throughout the trial, including just prior to the conclusion of trial; (4) the fact that defense counsel's argument that there was no time to object to the trial court's declaration of the mistrial was not supported by the record; (5) the fact that Bogan repeatedly made inappropriate attempts to communicate with the jury during trial; and (6) the fact that defense counsel raised no double

jeopardy concerns until the following day after the court had discharged the jury. (*Id.* at PageID #2812–17.)

Bogan does not raise any new arguments in his challenge to Judge Ruiz's factual findings and legal conclusions. He merely restates the arguments that he made in his § 2241 Petition and Omnibus Traverse, and asks the court to disregard the R & R. (*See* Petition at PageID #9, ECF No. 1; Omnibus Traverse at PageID #2725–30, ECF No. 17.) In particular, Petitioner asserts that (1) defense counsel did not implicitly consent to the trial court's declaration of the mistrial, (2) defense counsel's failure to object to the mistrial declaration did not imply consent, and (3) defense counsel's earlier requests for a mistrial did not demonstrate consent to the final mistrial declaration. (Objection at PageID #2825–33, ECF No. 29.) Nevertheless, an objection that summarizes what has already been presented, or merely states a disagreement with a magistrate's conclusions is not an objection. *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

The court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that Judge Ruiz's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court hereby adopts Judge Ruiz's R & R (ECF No. 28) in its entirety and dismisses Bogan's Petition for Writ of Habeas Corpus (ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

December 4, 2019

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE